UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LINNELL RICHMOND, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:16-CV-307-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# **MEMORANDUM OPINION**

Petitioner Linnell Richmond, Jr. has filed a motion to vacate, set aside, or correct his sentence under to 28 U.S.C. § 2255 [Doc. 1], and three motions to supplement it, each with an attached memorandum [Docs. 6, 7, 9, 10, 17, 18]. Respondent has filed two responses in opposition [Doc. 4, 12]. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing,[1] and Richmond's § 2255 motion will be denied.

In 1995, a jury convicted Richmond of conspiring to interfere with commerce by violence, in violation of 18 U.S.C. § 371; aiding and abetting a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2; two counts of aiding and abetting the use of a firearm

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and aiding and abetting the possession of a machine gun, in violation of 18 U.S.C. § 922(o). *United States v. Richmond*, Nos. 96-5879, 96-5880, 96-5886, 1997 WL 720469, at *1 (6th Cir. Nov. 12, 1997) (per curiam). Richmond was sentenced to an aggregate term of 441 months' imprisonment. The Sixth Circuit affirmed his convictions and sentence, and the Supreme Court denied certiorari. *See id.*; *Richmond v. United States*, 523 U.S. 1032 (1998).

In June of 2016, Richmond filed the instant § 2255 motion for a lesser sentence in light of the holding of *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) [Doc. 1].

Richmond's main argument is that *Johnson* also invalidates the residual clause of 18 U.S.C. § 924(c). But regardless of the constitutionality of § 924(c)'s residual clause— a matter currently before the Supreme Court, *see United States v. Davis*, 139 S. Ct. 782, (2019)—the challenged convictions must stand because Hobbs Act Robbery also qualifies as a crime of violence under § 924(c)'s force clause. The Sixth Circuit has explicitly held exactly that:

> A conviction under § 1951(b)(1) requires a finding of "actual or threatened force, or violence, or fear of injury, immediate or future." Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as necessary to constitute a crime of violence under § 924(c)(3)(A)," under the so-called force clause of that statute.

2

*United States v. Gooch*, 850 F.3d 285, 291–92 (6th Cir. 2017). Relief on this basis is therefore unwarranted.

Richmond also seeks to challenge the amount of jail credit he received for time spent in state custody.[2] Even if this claim were cognizable on a § 2255 motion, which encompass only errors of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid," *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006), the request cannot be granted.[3] "This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b)," *United States v. Williams*, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008), because "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3535(b); *United States v. Wilson*, 503 U.S. 329, 333 (1992)); *see also United States v. Brown*, 417 F. App'x 488, 493 (6th Cir. 2011) ("[A]warding credit for time served is the exclusive responsibility of the Bureau of Prisons."). If the Bureau of Prisons declines to credit the defendant's time served, he may then raise his claims through its Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, et seq.). After exhausting his administrative remedies, the defendant may then petition for a writ of habeas

---

[2] It appears that the Court has already recommended to the Bureau of Prisons that defendant receive a retroactive designation [Doc. 282, 3:95-cr-126].

[3] Richmond appears to assert this claim under the Sixth Amendment but cites no authority supporting it.

corpus under 28 U.S.C. § 2241, a petition that must be filed in defendant's district of confinement, rather than here, in the sentencing court.

Richmond has also filed three motions to amend or revise his § 2255 motion. It is well-settled that a motion to amend or supplement a § 2255 motion "will be denied where it is filed after [the limitation] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Federal] Rule [of Civil Procedure] 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 475-76 (6th Cir. 2008). The new claims must be based on the "same core facts" in a timely-filed petition; a late-filed claim is unreviewable if it turns upon "events separate in 'both time and type' from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 657 (2004).

Because the first and third supplements pertain to Richmond's argument under *Johnson* and therefore relate back to the original motion, leave to file them will be granted, and the arguments made in them have been considered in the above analysis [Docs. 6, 7, 14, 15].

The second supplement, however, appears to assert a claim under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and a claim of ineffective assistance of counsel, both of which are untimely [Doc. 9].[4] Under § 2255(f), a motion is timely if filed within one year of, as relevant here, "the date on which the judgment of conviction becomes final," or "the date on which the right asserted was initially recognized by the Supreme Court, if that right

---

[4] Moreover, "Alleyne does not apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014).

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Neither criterium is satisfied: this supplement was filed in 2018, but the judgment against Richmond became final in 1998, and *Alleyne* was decided in 2013. And these claims, which arise under the Sixth Amendment, do not relate back to those asserted in Richmond's original motion, which arise under the Fifth Amendment. Leave to file this supplement will therefore be denied because the asserted claims would be untimely.

Richmond has also filed a motion to lift a purported stay of his case [Doc. 14]. However, it does not appear from the docket that his case was ever stayed, and in any event, the accompanying order will terminate this case. This motion will therefore be denied as moot.

Finally, when considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Richmond must obtain a certificate of appealability ("COA") before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must

demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

For the reasons stated above, Richmond has failed to establish any basis upon which § 2255 relief could be granted, and his motion will therefore be **DENIED** [Doc. 1]. A COA from the denial of his § 2255 motion will be **DENIED**.

With respect to the other motions, the first and third motions for leave to supplement [Docs. 6, 17], are **GRANTED**, and the second is **DENIED**. The motion to lift a stay is **DENIED** as moot [Doc. 14].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE