UNITED STATES OF AMERICA, )
)
       Plaintiff, )
)
v. )   No.:   3:95-CR-126-TAV-DCP
)           3:16-CV-307-TAV-DCP
LINNELL RICHMOND, JR., )
)
       Defendant. )

## **MEMORANDUM OPINION AND ORDER**

This action is before the Court on defendant's *pro se* "Motion Rule 60(b) to Correct an [sic] Defective Proceeding/Ruling" [Doc. 366; Case No. 3:16-cv-307, Doc. 44], supplemented by counsel [Docs. 370, 378, 379, 380], and defendant's "Renewed Second-in-Time 2255 Motion" [Doc. 367].[1] The government has responded [Doc. 376], and defendant replied [Doc. 377].

Also pending before the Court are defendant's "Motion to Independently Vacate Mr. Richmond's 924(c)(1)(A) and also 924(c)(B)(ii)" [Doc. 382] and Motion for Leave to Appeal *In Forma Pauperis* ("IFP") [Case No. 3:16-cv-307, Doc. 57]. This matter is now ripe for resolution. For the reasons discussed below, defendant's Rule 60(b) motion [Doc. 366; Case No. 3:16-cv-307, Doc. 44] is **GRANTED.** Defendant's conviction as to Count 2 is **VACATED**, and this matter will be set for resentencing.

---

[1] Citations to the record refer to the criminal docket, Case No. 3:95-cr-126, unless otherwise noted.

Defendant's Motion for Leave to Appeal IFP [Case No. 3:16-cv-307, Doc. 57] is **DENIED.** Further, in light of the ruling on the Rule 60(b) motion, defendant's "Renewed Second-in-Time 2255 Motion" [Doc. 367] and "Motion to Independently Vacate Mr. Richmond's 924(c)(1)(A) and also 924(c)(B)(ii)" [Doc. 382] are **DENIED as moot** to the extent that they seek vacatur of his conviction on Count 2. However, regarding defendant's requests to vacate Count Four, the Court finds that defendant's motions [Docs. 367, 382] are unauthorized second or successive motions under § 2255, and it will **TRANSFER** the motions to the Sixth Circuit Court of Appeals.

## I.      Background

In 1996, a jury convicted defendant of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 371 (Count 1); aiding and abetting a Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 3); two counts of aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 2 (Counts 2 & 4), and aiding and abetting possession of a machine gun, in violation of 18 U.S.C. § 922(o) and 2 (Count 5) [Doc. 233]. *See also United States v. Richmond*, 129 F.3d 1255 (table), Nos. 96-5879, 96-5880, 96-5886, 1997 WL 720469, at *1 (6th Cir. Nov. 12, 1997) (per curiam). As is relevant to the issue at hand, the crime of violence for purposes of the § 924(c) offense charged in Count 2 was the conspiracy to commit Hobbs Act Robbery, charged in Count 1, while the crime of violence for purposes of the § 924(c) offense charged in Count 4 was the substantive Hobbs Act Robbery, charged in Count 3 [Doc. 1]. Defendant was sentenced to an aggregate term of 411 months' imprisonment

2

[Doc. 233]. The Sixth Circuit affirmed defendant's convictions and sentence, and the Supreme Court denied certiorari. *See Richmond*, 1997 WL 720469; *Richmond v. United States*, 523 U.S. 1032 (1998).

In June 2016, Defendant filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in light of *Johnson v. United States*, 576 U.S. 591 (2015), which invalidated the residual clause of the Armed Career Criminal Act [Doc. 271; Case No. 3:16-cv-307, Doc. 1]. In that motion, defendant argued that the residual clause in 18 U.S.C. § 924(c) was likewise unconstitutionally vague and Hobbs Act Robbery was not a "crime of violence" under the § 924(c)(3)'s force clause because it could be violated without the use of violent physical force [*Id.* at 4].

While the motion was pending, the Supreme Court granted certiorari in *United States v. Davis*, 588 U.S. 445 (2019) to decide whether the residual clause in § 924(c) is unconstitutionally vague. Before the Supreme Court decided *Davis*, defendant filed a *pro se* motion to amend his § 2255 motion, specifically arguing that *conspiracy to commit Hobbs Act Robbery*, which is the predicate conviction underlying his § 924(c) conviction on Count 2, is not a crime of violence under § 924(c)'s force clause [Case No. 3:16-cv-307, Doc. 18].

On May 28, 2019, this Court granted the motion to amend but denied and dismissed defendant's § 2255 motion, concluding that defendant's § 924(c) convictions remained valid, even in light of *Johnson*, because *Hobbs Act Robbery* qualifies as a crime of violence under § 924(c)'s force clause [Docs. 295, 296; Case No. 3:16-cv-307, Docs. 19, 20].

However, the Court did not address any distinction between the substantive Hobbs Act robbery predicate for Count 4 and the conspiracy Hobbs Act robbery predicate for Count 2 [*See id.*]. The Court denied a certificate of appealability ("COA") [*Id.*].

On June 24, 2019, the Supreme Court decided *Davis*, which invalidated the residual clause of § 924(c). *United States v. Davis*, 588 U.S. 445 (2019). Defendant then filed a *pro se* motion for reconsideration on July 1, 2019, arguing that conspiracy to commit Hobbs Act Robbery does not qualify as a "crime of violence" after *Davis* [Case No. 3:16-cv-307, Docs. 21, 24, 25]. This Court denied the motion, again explaining that defendant's Hobbs Act Robbery convictions were crimes of violence under § 924(c)'s force clause [Doc. 299; Case No. 3:16-cv-307, Doc. 26]. But again, the Court did not distinguish between the substantive and conspiracy Hobbs Act Robbery predicates that underlie Counts 4 and 2, respectively [*See id.*]. The Sixth Circuit subsequently denied a COA [Case No. 3:16-cv-307, Doc. 28]. The Sixth Circuit agreed that "*Davis* has no effect on [defendant's] § 924(c) convictions because the Hobbs Act robbery offense that underlies those convictions qualifies as a crime of violence under § 924(c)(3)(A), which is the use-of-force, rather than the residual, clause of § 924(c)(3)" [*Id.* at 4]. The Sixth Circuit did not acknowledge or distinguish the substantive and conspiracy Hobbs Act Robbery convictions underlying Counts 4 and 2, respectively [*See id.*].

Thereafter, defendant moved the Sixth Circuit for leave to file a second or successive § 2255 motion, pursuant to 28 U.S.C. §§ 2244(b)(3)(C) and 2255(h), based on the rule announced in *Davis*, again contending that, in light of that new rule, conspiracy to

4

commit Hobbs Act Robbery was no longer a crime of violence for § 924(c) purposes [Case No. 3:16-cv-307, Doc. 27, pp. 1, 5]. The Sixth Circuit denied this request because the rule announced in *Davis* was previously available to defendant, and he expressly relied on it in a motion for reconsideration [Case No. 3:16-cv-307, Doc. 29, p. 4]. The Sixth Circuit also stated that "[e]ven though [defendant] did not raise his first claim—that his conviction for using a firearm during his commission of *conspiracy* to commit Hobbs Act robbery is invalid—in his prior petition, this is premised on a rule of constitutional law on which he has previously relied," and therefore, leave to file a second or successive § 2255 motion was not proper under § 2255(h) [*Id.* at 4–5 (emphasis in original)].

At this point, a plethora of motions were filed on both the criminal and civil dockets, but often not on both dockets, causing significant confusion. On June 1, 2020, defendant filed a "Motion Pursuant to Rule 60(b)" on the criminal docket, suggesting that his § 924(c) convictions are invalid based on a double jeopardy violation, and because conspiracy to commit Hobbs Act Robbery "does not qualifies [sic] as a 'crime of violence' under § 924(c)(3)(B) force clause" [Doc. 302].[2] Defendant likewise filed a number of supplements to that motion throughout June 2020, in which he argued that his conviction under Count 2 should have been vacated in light of the decision in *Davis* [Doc. 303, p. 2; Doc. 305, p. 3; Doc. 306, p. 3]. In these motions, defendant reiterated and expanded on his

---

[2] Although this motion was initially filed only on the criminal docket, as described *infra*, the motion was later also docketed on the civil docket [Case No. 3:16-cv-307, Doc. 37].

arguments that a conspiracy offense can never qualify as a crime of violence under § 924(c) [Doc. 303, p. 5; Doc. 305, p. 3].

While that Rule 60(b) motion was pending on the criminal docket, on June 29, 2020, defendant filed another motion for reconsideration of the denial of his § 2255 motion on the civil case docket, again citing to *Johnson* and *Davis* [Case No. 3:16-cv-307, Doc. 30]. On July 29, 2020, the Court denied this motion on the civil docket, once again reiterating that *Davis* does not affect defendant's § 924(c) convictions because Hobbs Act Robbery is a crime of violence under § 924(c)'s force clause [Case No. 3:16-cv-307, Doc. 31]. The Court, again, did not distinguish between substantive and conspiracy Hobbs Act Robbery [*See id.*]. Defendant appealed on August 10, 2020 [Case No. 3:16-cv-307, Doc. 32]. On November 30, 2020, the Sixth Circuit concluded that the appeal would ordinarily be construed as a motion for authorization to file a second or successive motion to vacate, but, given the previous denial of such a motion based on the same claims raised in the motion for reconsideration, defendant's application for a COA was moot [Case No. 3:16-cv-307, Doc. 34].

While that appeal was pending with the Sixth Circuit, and while the June 1 Rule 60(b) motion was pending, on September 3, 2020, defendant filed another Rule 60(b) motion on the criminal docket [Doc. 311],[3] as well as a memorandum in support [Doc. 312]. Defendant once again argued, among other things, that conspiracy to commit Hobbs

---

[3] Although this motion was initially filed only on the criminal docket, as described *infra*, the motion was later also docketed on the civil docket [Case No. 3:16-cv-307, Doc. 38].

6

Act Robbery can no longer qualify as a crime of violence in light of *Davis* [Doc. 311, p. 2].

On April 15, 2021, the Court addressed some of the confusion that had been caused by the filing of the June 1 and September 3 Rule 60(b) motions on the criminal docket. Specifically, the Court concluded that these two motions both raised new claims and challenged the merits of the Court's prior order, and therefore, were not properly brought under Rule 60(b), but rather, should be interpreted as successive § 2255 motions [Doc. 321; Case No. 3:16-cv-307, Doc. 39]. The Court thus transferred those motions [Docs. 302, 311] to the Sixth Circuit [*Id.*]. At the same time, the Court filed copies of the June 1 and September 3 motions on the civil docket [*See* Case No. 3:16-cv-307, Docs. 37, 38]. The Sixth Circuit later dismissed that action for leave to file a second or successive § 2255 motion for want of prosecution [Case No. 3:16-cv-307, Doc. 42].

Injecting further confusion into this case, on November 13, 2020, while the June 1 and September 3 Rule 60(b) motions were still pending on the criminal docket only, defendant filed a *pro se* motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), on the criminal docket, citing, among other things, the "stacking" of his § 924(c) sentences as grounds for relief [Doc. 313]. On April 12, 2021, while those Rule 60(b) motions remained pending, counsel filed a supplement to the motion for compassionate release, arguing that an extraordinary and compelling ground for relief existed because defendant's conviction on Count 2, predicated on conspiracy to commit Hobbs Act Robbery, was invalid in light of *Davis*, but, throughout the § 2255 litigation,

7

the district court and appellate court had inadvertently failed to distinguish between substantive and conspiracy Hobbs Act Robbery [Doc. 320, pp. 1, 6–8].

On September 9, 2021, after the Court addressed the June 1 and September 3 motions, the criminal case was reassigned to Senior District Judge R. Leon Jordan [Doc. 334]. On March 16, 2022, Judge Jordan denied defendant's request for compassionate release, finding that such would not be consistent with the factors set forth in 18 U.S.C. § 3553(a) [Doc. 338]. Defendant appealed that decision [Doc. 341].

While that appeal was pending, pursuant to Standing Order 22-09, *In re: Reassignment of Cases Assigned to Senior United States District Judge R. Leon Jordan*, on or about February 21, 2023, United States District Judge Katherine A. Crytzer was added as the presiding judge on the criminal case.

On May 17, 2023, defendant filed yet another Rule 60(b) motion on the criminal docket only, raising again, among other things, his argument that conspiracy to commit Hobbs Act Robbery does not qualify as a crime of violence under § 924(c) in light of *Davis* [Doc. 357, p. 1]. At the same time, defendant filed a "Motion Requesting Prior Jail-Time Credit" on the criminal docket [Doc. 358]. On May 24, 2023, Judge Crytzer denied these motions, finding that the Rule 60(b) motion related to the compassionate release motion pending appeal, and that defendant had not exhausted his administrative remedies as to his request regarding jail credits [Doc. 359].

On August 7, 2023, defendant filed a second *pro se* motion to vacate, set aside, or correct sentence, pursuant to 18 U.S.C. § 2255, and a second civil case number was opened

8

for purposes of this § 2255 proceeding [Doc. 361; Case No. 3:23-cv-279, Doc. 1]. Because Judge Crytzer was then assigned to the criminal case, she was likewise assigned to the civil case regarding this new § 2255 proceeding. Citing *Davis* and *Taylor v. United States*, 596 U.S. 845 (2022), defendant again argued that his conspiracy to commit Hobbs Act Robbery conviction was no longer a crime of violence for purposes of his § 924(c) convictions [*Id.*]. On August 14, 2023, Judge Crytzer denied this § 2255 motion on the ground that it related to the still-pending appeal of the denial of compassionate release, which involved the same question [Docs. 363, 364; Case No. 3:23-cv-279, Docs. 2, 3].

On November 3, 2023, the Sixth Circuit affirmed Judge Jordan's order denying compassionate release, finding that the court did not abuse its discretion in evaluating the sentencing factors, and therefore, it need not determine whether defendant showed extraordinary and compelling reasons for his release [Doc. 365, p. 3].

With all matters then resolved across the criminal and both civil dockets, on November 9, 2023, defendant then filed another *pro se* Rule 60(b) motion, in both the criminal case, then assigned to Judge Crytzer, and the first civil case, assigned to the undersigned [Doc. 366; Case No. 3:16-cv-307, Doc. 44]. On November 20, 2023, defendant appeared to refile the same document, but with the inclusion of some attachments, on the criminal docket only [Doc. 367]. In this motion, defendant argued that this Court should reopen his previously denied § 2255 motion [*Id.*]. Specifically, defendant stated that, in denying his first § 2255 motion, the Court incorrectly concluded that none of his § 924(c) convictions were affected by *Davis* [*Id.*].

9

On December 6, 2023, attorney Jennifer Niles Coffin filed a notice of appearance on defendant's behalf in both the criminal case and the first civil case [Doc. 369; Case No. 3:16-cv-307, Doc. 45]. Attorney Coffin filed a supplement to defendant's pro se Rule 60(b) motion on both the criminal and first civil dockets [Doc. 370; Case No. 3:16-cv-307, Doc. 46]. The government responded in opposition, but that response was filed only on the criminal docket [Doc. 376]. Attorney Coffin replied on both the criminal and first civil dockets [Doc. 377; Case No. 3:16-cv-307, Doc. 47]. Subsequently, Attorney Coffin filed several supplements across both the criminal and civil dockets [Docs. 378, 379, 380; Case No. 3:16-cv-307, Docs. 48, 49, 59].

While these motions were pending, defendant apparently again sought authorization from the Sixth Circuit to file a second or successive § 2255 motion arguing that his § 924(c) convictions should be vacated under *Davis* [Case No. 3:16-cv-307, Doc. 51]. The Sixth Circuit appeared to concede that "the district court and this Court partly erred in [previously] rejecting Richmond's claim under *Davis*" [*Id.* at 3]. Nonetheless, the Sixth Circuit denied leave to file a second or successive § 2255 motion, because in § 2255(h), Congress limited the appellate court's review to whether the district court did, or could have, decided the *Davis* claim, not whether it decided the claim correctly [*Id.* at 3–4]. The Sixth Circuit did note, however, that defendant "has a Rule 60(b) motion pending in the district court, which arguably allows him to contest the district court's jurisdiction to decide the *Davis* claim in his reconsideration motion" [*Id.* at 4].

10

With the cases in this posture, the criminal action was reassigned back to the undersigned [Doc. 381]. Thereafter, defendant filed a *pro se* motion on the criminal docket "to independently vacate" his § 924(c) convictions [Doc. 382].

In January 2026, defendant filed a petition for a writ of mandamus with the Sixth Circuit [Case No. 3:16-cv-307, Docs. 55, 56]. Defendant also filed a motion for leave to appeal IFP, relating to that mandamus petition [Case No. 3:16-cv-307, Doc. 57].

## II.    Analysis

### A.    Rule 60(b) or Second or Successive § 2255 Motion

Given that defendant's underlying action is based on his § 2255 proceeding, the Court must first determine whether defendant's motion for relief has properly been brought under Rule 60(b) or whether it should be considered a second or successive § 2255 motion. Defendant argues that his "Motion Rule 60(b) to Correct an [sic] Defective Proceeding/Ruling" is not a second or successive § 2255 motion because it does not raise a new claim [Doc. 370, p. 1]. Instead, he states that the motion challenges a defect in the prior § 2255 proceeding, specifically that his § 2255 motion was denied due to a misunderstanding about the nature of the predicate underlying his § 924(c) conviction in Count 2 in light of *Davis* [*Id.*]. Additionally, defendant argues that the Sixth's Circuit's decision in *In Re West* weighs against construing his Rule 60(b) motion as a second or successive § 2255 motion [Doc. 378, p. 3 (citing *In Re West*, 103 F.4th 417 (6th Cir. 2024)]. Lastly, defendant maintains that "profound injustice" will occur and the public's

11

confidence in the judiciary may be undermined if the Court construes his Rule 60(b) motion as a second or successive § 2255 motion [Doc. 377, p. 10].

The government responds that defendant's *pro se* Rule 60(b) motion and counseled supplement seek to relitigate defendant's prior *Davis*-based challenge to his § 924(c) conviction in Count 2 [Doc. 376, p. 9]. The government also argues that defendant's "Renewed Second-in-Time Motion" seeks to challenge that same § 924(c) conviction in light of *Davis* and to challenge both of his § 924(c) convictions in light of *Taylor* [*Id.*]. The government submits that defendant's motions are second or successive within the meaning of § 2255, and this Court should transfer them to the Sixth Circuit for authorization [*Id.* at 10]. Further, the government asserts that the Sixth Circuit has held that a claim that a district court "misunderstood the nature of the issue presented" in an initial § 2255 motion or "never squarely addressed it" is a second or successive § 2255 motion that should be transferred to the Sixth Circuit [*Id.* (quoting *Hourani v. United States*, 239 F. App'x 195, 196–97 (6th Cir. 2007))].

Defendant replies that he does not challenge the substance of the Court's resolution of his *Davis* claim on the merits, but rather the integrity of the § 2255 proceeding [Doc. 377, p. 6]. Specifically, defendant maintains that "a fundamental defect infected his § 2255 proceeding, occasioned by the repeated failure of the courts to realize that Count Two was based on a conspiracy count" [*Id.* at 1]. He states that he has tried continuously and repeatedly tried to fix this mistake for over four years [*Id.*]. Defendant argues that *Hourani* does not support the conclusion that his Rule 60(b) motion must be construed as a second

12

or successive § 2255 motion [*Id.*]. Defendant argues that the issue in that case was whether habeas counsel presented the defendant's claim properly, requiring the Rule 60(b) motion to be transferred as a second or successive § 2255 motion [*Id.*]. In contrast, defendant states that he is claiming an error by the district court, permitting relief under Rule 60(b) [*Id.* at 7].

In the context of § 2255 relief, Rule 60(b) is not intended to raise new grounds for relief or challenge the merits of the district court's order but to resolve "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If a defendant's Rule 60(b) motion raises new "claims" after he has litigated a § 2255 motion or if the motion attacks the federal court's previous resolution of a claim on the merits, the Court must interpret the defendant's Rule 60(b) motion as a second or successive § 2255 motion. *Id.* (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims[,]'" even if raised in a Rule 60(b) motion); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (emphasis in original) (applying *Gonzalez* in the § 2255 context and holding that a Rule 60(b) motion should be considered a § 2255 motion if it challenges the prior resolution of a claim "*on the merits*").

Here, the Court finds that defendant's motion for relief has properly been brought under Rule 60(b) because it does not raise new claims or attack the Court's resolution of a claim on the merits. *See Gonzalez*, 545 U.S. at 532. Rather, defendant challenges "some defect in the integrity of the federal habeas proceedings" by arguing that "both this Court and the Sixth Circuit made the same, repeated mistake in 2019 when they denied [his] first

13

§ 2255 motion, denied his motion for reconsideration, and denied a certificate of appealability" [Doc. 377, p. 2]. *See id.* In other words, defendant's argument is directed at this Court and the Sixth Circuit's failure to notice that Count 2 was predicated on conspiracy to commit Hobbs Act Robbery as a crime of violence as opposed to substantive Hobbs Act Robbery, not at the accuracy of the Court's legal ruling in denying his § 2255 motion [*Id.*].

Moreover, the Court finds *In re West* to be instructive. 103 F.4th 417. There, the court imposed a life sentence in error because defendant's conviction had a statutory maximum penalty of 10 years' imprisonment. *Id.* at 418–19. In denying the defendant's first § 2255 motion, the district court mistakenly relied on the error. *Id.* The defendant eventually filed a Rule 60(b) motion, in which he argued that he would face injustice, and there would be a risk to public "confidence in the judicial process" if his life sentence was permitted to stand. *Id.* at 420. The district court construed the motion as a second or successive § 2255 motion and transferred it to the Sixth Circuit. *Id.* at 419. The Sixth Circuit held that the motion was improperly transferred because defendant's arguments were "bona fide Rule 60(b) arguments, not habeas claims in disguise." *Id.* at 420.

Contrary to the government's argument that defendant seeks to relitigate his prior *Davis* or *Taylor* challenges, the Sixth Circuit's decision in *In Re West* makes clear that defendant's arguments are "bona fide Rule 60(b) arguments" [*See* Doc. 376, p. 9]. *Id.* Like the defendant in that case, defendant here focuses his argument on injustice and on the risk of eroding the public confidence in the judiciary if his sentence stands rather than seeking

14

to add a new claim or attack the previous resolution of his *Davis* claim on the merits [*See* Docs. 366, 370, 377]. Consistent with the defendant's efforts in *In Re West*, defendant here has tried to remedy this error for several years, including by filing a § 2255 motion. *Id.*

Moreover, unlike defendant here, the defendant in *Hourani* presented "an issue of counsel's performance, not a claim of error on the part of the district court." 239 F. App'x at 198. There, the defendant appealed the district court's denial of his Rule 60(b) motion by arguing that "the district court misunderstood the nature of the issue presented and, therefore, ruled incorrectly on [his] claim of ineffective assistance of counsel that he raised in his original § 2255 motion." *Id.* at 196. The Sixth Circuit determined that the defendant's motion was "a second or successive § 2255 motion, and the district court should have transferred the case" to the Sixth Circuit. *Id.*

Conversely, defendant presents "a claim of error on the part of the district court" by arguing that the Court failed to recognize that his § 924(c) conviction in Count 2 was invalid because it was based on Hobbs Act Robbery conspiracy [*See* Docs. 366, 378, 370, 377]. *See id.* at 198. Since defendant does not request "a second chance to have the merits determined favorably" like the defendant in *Hourandi*, the government's reliance on that case is misplaced. *See id.*

Thus, the Court finds that defendant properly raised his "Motion Rule 60(b) to Correct an [sic] Defective Proceeding/Ruling" under Rule 60(b), given that the motion seeks to resolve "some defect in the integrity of the federal habeas proceedings," namely a misunderstanding about the nature of the predicate underlying his § 924(c) conviction in

15

Case 3:16-cv-00307-TAV-DCP   Document 59   Filed 07/06/26   Page 15 of 30
PageID #: 418

Count 2.  *See Gonzalez*, 545 U.S. at 532.  Accordingly, the Court will address defendant's Rule 60(b) motion on the merits.

**B.  Timeliness**

Next, the Court must determine whether defendant's Rule 60(b) motion is timely given that defendant raises multiple, alterative grounds for relief under Federal Rule of Civil Procedure 60(b)(1), (b)(4), and (b)(6) [Docs. 366, 370, 379, 380; Case No. 3:16-cv-307, Doc. 44].  Specifically, defendant requests relief under Rule 60(b)(1) based on judicial mistake in denying the § 2255 motion and the motion for reconsideration [Doc. 370, p. 16].  Alternatively, defendant requests relief under Rule 60(b)(4) on the grounds that the underlying judgment is void, or under Rule 60(b)(6) due to a change in controlling law rendered by *Davis* [*Id.*; Doc. 379, pp.  1–2; Doc. 380, p. 1].

Defendant asserts that his Rule 60(b) motion is timely filed within a "reasonable time" because he acted quickly to resolve the denial of his initial § 2255 motion [Doc. 370, p. 2].  In particular, he notes that he promptly filed, among other things, a motion for reconsideration of the denial, which was in effect a timely Rule 60(b) motion [Doc. 377, p. 11].  He also states that he filed a Rule 60(b) motion on May 17, 2023, within one year of the date that the Court granted his co-defendant, Shervon Johnson's, § 2255 motion [*Id.*].  Further, he maintains that he filed the instant "Motion Rule 60(b) to Correct an [sic] Defective Proceeding/Ruling" in early November 2023, within one year of Johnson's release from federal prison on November 9, 2022 [*Id.*].

16

The government argues that plaintiff's motion is untimely under Rule 60(b)(1) because he did not file it within one year after the denial of his § 2255 motion in May 2019 [Doc. 376, pp. 12–15]. Specifically, the government contends that although defendant mailed his first purported Rule 60(b) motion to the Court in late May 2020, that motion did not reference any specific judicial mistake [*Id.* at 12]. The government also states that defendant claims to have attempted to file a Rule 60(b) motion in the Sixth Circuit as early as August 2019, but that motion was received by that court in mid-August of 2020 and was returned to him unfiled [*Id.*]. Thus, the government submits that the pending motions are untimely under Rule 60(b)(1) since they were filed four years after the alleged judicial mistake [*Id.* at 13]. The government contends that defendant's pending motions fall outside of the "reasonable time" allotted for Rule 60(b) motions "for other reasons" [*Id.*]. The government maintains that Rule 60(b)(6) is "available only when Rules 60(b)(1) through (b)(5) are inapplicable," and the reason offered by defendant for relief fits within Rule 60(b)(1) [*Id.* (quoting *Kemp v. United States*, 596 U.S. 528, 539 (2022)].

Defendant counters that the government's discretionary invocation of the one-year time bar under Rule 60(b)(1) is extreme given that the government was the first to mistakenly argue that the invalidation of the residual clause in § 924(c) would not help defendant, and the government did not acknowledge the mistake throughout the § 2255 proceedings [Doc. 377, p. 4]. Defendant also argues that his diligence supports a finding of reasonableness under Rule 60(b) [*Id.* at 11–13]. Defendant contends that he has had a live claim for relief from the day that the Court denied the first § 2255 motion on May 28,

17

2019, to the day he filed his pending Rule 60(b) motion on November 9, 2023, except for two short time periods totaling at most 63 days [*Id.* at 11–12].

"Federal Rule of Civil Procedure 60(b) . . . authorizes a court to reopen a final judgment under certain enumerated circumstances." *Kemp*, 596 U.S. at 531. Specifically, Rule 60(b) allows for relief from a final judgment, order, or proceeding for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order of the date of the proceeding." *Lepp v. Mallett*, No. 25-10214, 2026 WL 125968, at *1 (E.D. Mich. Jan. 16, 2016) (quoting Fed. R. Civ. P. 60(c)(1)). Whether a Rule 60(b) motion is made "within a reasonable time" is "a fact-specific determination." *Miller v. Mays*, 879 F.3d 691, 699 (6th Cir. 2018) (quoting Fed. R. Civ. P. 60(c)(1)). In evaluating reasonableness, the court considers whether the defendant diligently sought relief as well

18

as "the time between the date of the decision constituting a change in the law and the date that the Rule 60(b)(6) motion was filed." *Id.*

At the outset, the Court notes that Rules 60(b)(2), (b)(3), and (b)(5) do not apply in this case because defendant does not request relief based on newly discovered evidence, fraud, misrepresentation, or misconduct by the opposing party, or a satisfied judgment, a reversed prior judgment, or a prospectively inequitable judgment. *See* Fed. R. Civ. P. 60(b)(2), (b)(3), (b)(5). Further, Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake or law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)).

In this case, defendant does not request relief due to excusable mistake by a party or on the grounds that that an attorney acted without authority [*See* Doc. 370]. Rather, defendant asserts that the Court made a mistake of fact by failing to recognize that the predicate count of conviction for Count 2 was conspiracy to commit Hobbs Act Robbery, rather than substantive Hobbs Act Robbery [*Id.* at 16]. Although defendant's request for relief is similar to a "mistake of fact" under Rule 60(b)(1), the circumstances here present "something more." *See Olle v. Henry v. Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)) ("Courts must apply subsection (b)(6) only 'as a means to achieve substantial justice when 'something more' than one of the five clauses is present.'"). In particular, defendant asserts

19

that this mistake of fact was repeated through his § 2255 proceeding and was not corrected despite his diligence in bringing the issue to the Court's attention on multiple occasions as shown by the procedural history explained *supra* Section I [*See* Doc. 377].

Additionally, defendant contends that this mistake "rendered null uniquely as to him a governing change in law though no fault of his own" [*Id.* at 2]. Thus, while defendant brings his request under Rule 60(b)(1), (b)(4), or (b)(6), the Court finds that the circumstances cited by defendant appropriately fall under subsection (6) because a subsequent change in controlling law constitutes an "extraordinary circumstance." *See, e.g., Kemp*, 596 U.S. at 540 (Sotomayor, J., concurring) (noting that "nothing in [the Court's opinion] casts doubt on the availability of Rule 60(b)(6) to reopen a judgment in extraordinary circumstances, including a change in controlling law"); *Buck v. Davis*, 580 U.S. 100, 126 (2017) (holding that the petitioner was "entitle[d] to relief under Rule 60(b)(6)" due to a change in the law and factual developments); *Gonzalez*, 545 U.S. at 531 (noting that a "a subsequent change in substantive law" justifies relief under Rule 60(b)(6)). Therefore, the Court will address defendant's motion under Rule 60(b)(6).

Given that defendant was diligent in pursuing relief after the Supreme Court decided *Davis*, the Court finds that Rule 60(b)(6) motion was filed within a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1). The Supreme decided *Davis* on June 24, 2019. 588 U.S. 445. Defendant quickly filed a *pro se* motion for reconsideration based on *Davis* on July 1, 2019, one week after *Davis* was decided [Case No. 3:16-CV-307, Doc. 21].[4] That motion, which

---

[4] Defendant's motion was postmarked June 27, 2019 [Case No. 3:16-CV-307, Doc. 21].

was in effect a Rule 60(b) motion, was denied on August 15, 2019 [Case No. 3:16-CV-307, Doc. 26]. *See Abernathy v. United States*, No. 21-5629, 2022 WL 2359349, at *2 (6th Cir. Mar 29, 2022) (construing a motion for reconsideration brought under Rule 52(b) and Rule 59(e) as a Rule 60(b) motion because it was filed after the 28-day period). Significantly, courts have granted Rule 60(b)(6) motions filed as long as 22 months after the event triggering the existence of an "extraordinary circumstance." *See e.g., Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990) (determining that the district court did not err in exercising its power under Rule 60(b)(6) where the motion was filed approximately 22 months after the judgment was entered); *Gregson v. Metro. Life Ins. Co.*, No. 3:13-cv-678, 2018 WL 4701854, at *5–6 (M.D. Tenn. June 20, 2018) (granting a Rule 60(b)(6) motion filed 15 months after the court entered a judgment).

Here, defendant wasted no time requesting reconsideration of the Court's denial of his § 2255 motion only one week after *Davis* was decided [Case No. 3:16-CV-307, Doc. 21]. Defendant's efforts to seek relief did not stop there. Over the next 13 months, he repeatedly pursued relief through numerous mechanisms, as shown by the procedural history explained *supra* Section I. Thus, defendant's diligence in seeking relief weighs in favor of finding reasonableness. *See Miller*, 879 F.3d at 699. Accordingly, the Court finds that defendant's *pro se* "Motion Rule 60(b) to Correct an Defective Proceeding/Ruling" [Doc. 366; Case No. 3:16-cv-307, Doc. 44] is timely under Rule 60(b)(6).

21

## C. Merits

Turning to the merits of defendant's motion, defendant argues that "Rule 60(b)(6) allows the Court to reopen the proceeding due to the extraordinary change in governing law rendered by *Davis*" [Doc. 370, p. 2].  Specifically, defendant reiterates that after *Davis*, conspiracy to commit Hobbs Act Robbery no longer qualifies as a § 924(c) predicate crime of violence [*Id.* at 7 (citing *United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir. 2019))]. In support of his request for relief, defendant asserts Johnson, who is more culpable, was released in November 2022 after serving 27 years in prison, whereas defendant is expected to serve a total of 46 years' imprisonment, resulting in a large disparity despite their identical *Davis* claims [Doc. 377, p. 10].

The government responds that a change in the law is "usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief" [Doc. 376, p. 13 (quoting *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007))].  Further, the government argues that *Davis* is not a "subsequent" change in controlling law because defendant raised a *Davis*-based claim before *Davis* was decided and afterward in a motion for reconsideration [*Id.*]. Specifically, the government points to defendant's *pro se* motion to amend the § 2255 motion and supplemental memorandum, filed before the Supreme Court issued its decision in *Davis*, in which defendant relied on the Court's future ruling in *Davis* to argue that conspiracy to commit Hobbs Act Robbery cannot be used as a predicate for a § 924(c) conviction [*Id.*].

22

Defendant responds that his first § 2255 motion was denied in May 2019, before the Supreme Court issued its decision and *Davis*, meaning that *Davis* is a "subsequent" change in the law [Doc. 377, p. 8].  In addition, defendant contends that this case presents an "usual and extreme situation where principles of equity *mandate* relief" under Rule 60(b)(6) because this case involves more than a governing change in law [*Id.* (quoting *Olle*, 910 at 365)].  Specifically, defendant lists several "unusual and extreme circumstances," including: (1) a mistake appearing in the government's response to defendant's *pro se* § 2255 motion, which was repeated throughout the § 2255 proceeding; (2) defendant's unsuccessful attempts to rectify the mistake in light of the ruling in *Davis*; and (3) the fact that Johnson, although more culpable, was granted relief upon the government's agreement that Count 2 in that case, a § 924(c) conviction premised on conspiracy to commit Hobbs Act Robbery as a crime of violence, was invalid [*Id.* at 8–9].  Defendant contends that these circumstances created a profound disparity, and their correction would not prejudice the government [*Id.*].

"Whether to grant relief under Rule 60(b) is in the Court's discretion."  *Lepp*, 2026 WL 125968, at *1; *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir 2001) (finding that the district court did not abuse its discretion in declining to grant a Rule 60(b)(1) motion).  Moreover, "the party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).  "Relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'"  *Buck*, 580 U.S. at 102 (quoting *Gonzalez*,

23

545 U.S. at 535). "Courts must apply subsection (b)(6) only 'as a means to achieve substantial justice when 'something more' than one of the five clauses is present.'" *Olle*, 910 F.2d at 365 (quoting *Hopper*, 867 F.2d at 294). Further, to determine "whether extraordinary circumstances are present, a court may consider a wide range of factors[,]" such as "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck*, 580 U.S. at 103 (internal quotation marks and citation omitted). As noted previously, "a subsequent change in substantive law" justifies relief under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 531.

First, the Court finds that the change in *Davis* is a "subsequent" change in the law. The government appears to contend that *Davis* is not a "subsequent" change because defendant raised his *Davis*-based argument prior to the decision in *Davis* and in a motion for consideration afterward [Doc. 376, p. 13]. However, a change in the law is "subsequent" when it occurs after a final judgment. *See Gonzalez*, 545 U.S. at 535 ([O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."); *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 336 (5th Cir. 2005) ("In the absence of 'extraordinary circumstances,' a change in controlling decisional law after the finality of a judgment does not warrant reopening the judgment under Rule 60(b)(6)."). In this case, defendant's initial § 2255 motion was denied in May 2019 before the Supreme Court decided *Davis* on June 24, 2019 [Case No. 3:16-CV-307, Doc. 21]. 588 U.S. 445. Because defendant's request for habeas relief was denied prior to *Davis*, which constitutes a

24

controlling change in the law as discussed *infra*, it is immaterial that defendant anticipated the ruling in *Davis* before it was decided. *See Gonzalez v. Sec'y for Dep't of Corrections*, 366 F.3d 1253, 1281 (11th Cir. 2004) (referring to the Court's denial of the defendant's request for federal habeas relief as the "final judgment").

Second, the Court finds that *Davis* is a "controlling change in the law" justifying relief under Rule 60(b)(6). *Gonzalez*, 545 U.S. at 531. To understand why, one must look to § 924(c), which imposes criminal liability upon one who "uses or carries a firearm" "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). Section 924(c)(3)(B) is commonly referred to as the "residual clause." *See Ledbetter*, 929 F.3d at 361 (referring to § 924(c)(3)(B) as the "residual clause").

In 2019, the Supreme Court held in *Davis* that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. 588 U.S. 445. Subsequently, the Sixth Circuit decided *Ledbetter*, in which two defendants were convicted under § 924(c) of fire-arm related murder during a crime of violence, which was conspiracy to commit Hobbs Act Robbery. 929 F.3d at 360–61. The Sixth Circuit set aside the defendants' convictions under § 924(c) in that case because they only relied on § 924(c)(3)(B)'s residual clause, which *Davis* held

25

is unconstitutionally vague. *Id.* at 361. Thus, after *Davis*, an offense qualifies as a "crime of violence" only if it meets the § 924(c)(3)(A), also known as the force clause, which defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" *Davis* applies retroactively on collateral review. *In re Franklin*, 950 F.3d 909, 910–11 (6th Cir. 2020).

Here, defendant was convicted as to Count 2 under § 924(c) based on his underlying conviction for conspiracy to commit Hobbs Act Robbery in Count 1 [Doc. 233]. To clarify, in Count 2 defendant was convicted of aiding and abetting the use of a firearm during and in relation to a "crime of violence" [*Id.*]. Just as in *Davis* and *Ledbetter*, the purported "crime of violence" here was conspiracy to commit Hobbs Act robbery, which makes it a crime to conspire to "in any way or degree obstruct[], delay[], or affect commerce or the movement of any article or commodity in commerce, by robbery." 18 U.S.C. § 1951(a). Since conspiracy to commit Hobbs Act Robbery does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another," it cannot satisfy § 924(c)(3)(A)'s elements clause. 18 U.S.C. § 924(c)(3). Thus, it qualifies as a crime of violence only under the residual clause in § 924(c)(3)(B). *See Ledbetter*, 929 F.3d at 361. Because *Davis* invalidated § 924(c)(3)(B), the basis for defendant's conviction under Count 2 no longer exists. Therefore, *Davis* is a subsequent controlling change in the law, satisfying the "extraordinary circumstance" requirement under Rule 60(b)(6).

26

However, as the government pointed out, to obtain relief under subsection (b)(6), a defendant must demonstrate "something more" than a controlling change in the law. *See Olle*, 910 F.2d at 365 (quoting *Hopper*, 867 F.2d at 294 (6th Cir. 1989). Beyond a governing change in the law precipitated by *Davis*, the record shows that a continuous mistake prevented defendant from obtaining relief throughout the § 2255 proceedings, satisfying the "something more" hurdle. This "something more" is further demonstrated by the risk of injustice to defendant in this case and the risk of undermining the public's confidence in the judicial process, requiring the Court to vacate defendant's conviction as to Count 2. *See Buck*, 580 U.S. at 778. The risk of injustice in this case is shown by the sentencing disparity between defendant and his more culpable co-defendant, Johnson. Like defendant, Johnson's § 924(c) conviction in Count 2 was premised on conspiracy to commit Hobbs Act Robbery as set forth in Count 1 [Case No. 3:95-cr-126-1; Doc. 343]. Johnson was resentenced and released from prison on November 7, 2022, after serving 27 years imprisonment for both his state and federal convictions. In contrast, defendant is expected to be released in 2041, after serving 46 years imprisonment even though defendant and Johnson raised identical *Davis* claims [Doc. 233]. Conversely, the government has not demonstrated that it will suffer prejudice if the Court vacates Count 2.

Moreover, the inconsistent application of the change in the law precipitated by *Davis* presents a risk that the public's confidence in the judicial process will be undermined. Given that the underlying residual clause in § 924(c)(3)(B) has been invalidated and Johnson has already been released from prison, this case presents an "usual

27

and extreme[] situation[] were principles of equity *mandate* relief" under Rule 60(b)(6). *See Olle*, 910 F.2d at 365.  As a result, defendant's Rule 60(b)(6) motion for relief based on an "extraordinary circumstance" (i.e. a subsequent change in controlling law) is meritorious.  Accordingly, defendant's "Motion Rule 60(b) to Correct an Defective Proceeding/Ruling" [Doc. 366; Case No. 3:16-cv-307, Doc. 44] is **GRANTED**, and his conviction as to Count 2 is **VACATED.**  The Court will order a resentencing hearing in this case given that defendant's sentencing occurred over 20 years ago, a different judge conducted it, and significant changes in the law and otherwise have occurred in the interim. *See Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) ("Once the judgment is vacated, the district court must proceed to grant one of the four remedies as may appear appropriate: (1) discharge the prisoner, (2) resentence the prisoner, (3) grant a new trial, or (4) correct the sentence.") (internal quotation marks and citations omitted)).  Defendant's resentencing will be *de novo*.  *See United States v. Saikaly*, 207 F.3d 363, 370 (6th Cir. 2000) ("[A] district court has the authority, on resentencing, to revaluate 'the entire aggregate sentence.'").

### D.    Renewed 2255 Motion and Motion to Independently Vacate

Also pending before the Court are defendant's "Renewed Second-in-Time 2255 Motion" [Doc. 367] and "Motion to Independently Vacate Mr. Richmond's 924(c)(1)(A) and also 924(c)(B)(ii)" [Doc. 382], in which defendant requests that this Court vacate his § 924(c) convictions as to Counts 2 and 4 as unconstitutional.  Given the Court's ruling, *supra*, that Count 2 is vacated, defendant's "Renewed Second-in-Time 2255 Motion" [Doc.

28

367] and "Motion to Independently Vacate Mr. Richmond's 924(c)(1)(A) and also 924(c)(B)(ii)" [Doc. 382] are **DENIED as moot** to the extent that defendant requests the Court to vacate his conviction under Count 2.

In both motions, defendant argues that Count 4 should be dismissed by challenging the sufficiency of the evidence used to prove aiding and abetting under § 924(c) [Doc. 367, pp. 6–8; Doc. 382, pp. 1–3]. Thus, defendant does not challenge the integrity of the federal habeas proceedings but challenges the merits of this Court's prior order denying his initial § 2255 motion [*Id.*]. In that regard, defendant's motions are not properly considered under Rule 60(b) and should be interpreted as successive § 2255 petitions and transferred to the Sixth Circuit. *See In re Nailor*, 487 F.3d at 1022.

Under the "Antiterrorism and Effective Death Penalty Act of 1996," defendant cannot file a second or successive § 2255 petition in the district court until he has moved in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2255(h). No such order has been received by this Court. Thus, the Court will **TRANSFER** defendant's filings [Doc. 367, 382] for consideration of this specific request to the United States Court of Appeals for the Sixth Circuit Court pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

### E. Motion for Leave to Appeal IFP

Also pending in defendant's civil case is his Motion for Leave to Appeal IFP, in which he appears to seek mandamus relief from the Sixth Circuit [Case No. 3:16-CV-307, Doc. 57, p. 1]. However, the Sixth Circuit has docketed defendant's petition, and ruling

29

on the IFP motion is reserved for the Sixth Circuit. *See David L. v. Comm'r of Soc. Security*, No. 1:25-CV-68, 2026 WL 882974, at *1 (S.D. Ohio Mar. 30, 2026) (denying a petition to proceed IFP on appeal because the Sixth Circuit already docketed plaintiff's petition for writ of mandamus). Thus, defendant's Motion for Leave to Appeal IFP [Case No. 3:16-CV-307, Doc. 57] is **DENIED.**

## III. Conclusion

For the reasons explained above, defendant's "Motion Rule 60(b) to Correct an Defective Proceeding/Ruling" [Doc. 366; Case No. 3:16-cv-307, Doc. 44] is **GRANTED.** Defendant's conviction as to Count 2 is **VACATED.** Defendant's resentencing hearing is scheduled for **Wednesday, October 21, 2026, at 1:00 p.m. in Knoxville**.

Defendant's "Renewed Second-in-Time 2255 Motion" [Doc. 367] and "Motion to Independently Vacate Mr. Richmond's 924(c)(1)(A) and also 924(c)(B)(ii)" [Doc. 382] are **DENIED as moot** regarding Count 2, and the Clerk is **DIRECTED** to **TRANSFER** defendant's filings [Docs. 367, 382] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for review of defendant's requests for relief related to Count Four. Lastly, defendant's Motion to Appeal IFP [Case No. 3:16-cv-307, Doc. 57] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

30